```
 1  Floyd W. Bybee, #012651
    FLOYD W. BYBEE, PLLC
 2  2473 S. Higley Road
    Suite 104, #308
 3  Gilbert, Arizona 85295-1103
    Office:  (480) 756-8822
 4  Fax:  (480) 302-4186
    floyd@bybeelaw.com
 5
    Attorney for Plaintiff
 6
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Tammy McCartney**, an individual; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Countrywide Home Loans, Inc.**, a New York corporation; **Experian Information Solutions, Inc.**, an Ohio corporation; | |
| Defendants. | (Jury Trial Demanded) |

Plaintiff, Tammy McCartney, alleges as follows:

**I.   PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. <u>JURISDICTION</u>

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. <u>PARTIES</u>

3. Plaintiff is a natural person residing in Pinal County, Arizona.
4. Plaintiff is a "consumer" as defined by FCRA § 1681a(c).
5. Defendant Countrywide Home Loans, Inc. is a New York corporation authorized to do business within the state of Arizona.
6. Countrywide is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.
7. Defendant Experian Information Solutions, Inc. is an Ohio corporation authorized to do business in Arizona.
8. Experian is a both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

**IV.   Factual Allegations**

9. In November 2001, Plaintiff and her husband obtained a first mortgage from Countywide secured by a deed of trust on their home.

10. In February 2002, Plaintiff and her husband opened a home equity line of credit also through Countrywide secured by a deed of trust on their home.

11. A year and a half later, Plaintiff and her husband ran into financial difficulties and became delinquent on their debts, including the two Countrywide accounts.

12. On August 4, 2003, Plaintiff and her husband filed for Chapter 7 bankruptcy and included the Countrywide accounts.

13. As part of the bankruptcy schedules, Plaintiff filed a statement of intention that the residence securing the two Countrywide accounts would be surrendered, and any interest therein would be abandoned.

14. Countrywide received timely notice of Plaintiff's bankruptcy sent by the bankruptcy court.

15. Thereafter, Countywide filed for and obtained relief from the automatic stay in the bankruptcy court.

16. Plaintiff and her husband received a discharge on November 20, 2003.

17. Notice of the discharge was sent to both Countrywide and its counsel representing it in the bankruptcy

- 3 -

1     proceeding.
2  18. Sometime in early 2004, Plaintiff and her husband
3     obtained copies of their credit reports from one or more
4     of the three national credit reporting agencies,
5     including Experian.
6  19. To the best of her recollection, disputes were made to
7     one or more of these credit reporting agencies
8     concerning Countrywide's failure to report these
9     accounts as included in bankruptcy.
10 20. In April 2005, Plaintiff obtained a copy of her credit
11     report from Experian.
12 21. The Experian report showed in its public record section
13     that Plaintiff had filed Chapter 7 bankruptcy in August
14     2003.
15 22. This report showed that Countrywide was reporting the
16     first mortgage as included in bankruptcy, but with an
17     incorrect date of June 2004.  It also showed that
18     Countrywide was reporting the first mortgage account
19     with a 60 day late payment as of June 2004, ten months
20     after the bankruptcy filing and entry of the automatic
21     stay.
22 23. The April 2005 Experian report also reflected that
23     Countrywide was reporting the home equity line of credit
24     as "Open" and "Past Due 30 [days]" as of June 2004,
25     again ten months after filing bankruptcy.  Countrywide

did not report this account as included in bankruptcy.

24. To the best of her recollection, Plaintiff disputed with Experian Countrywide's reporting of the home equity account stating that it was included in her bankruptcy.

25. In April or May 2006, Plaintiff again disputed with Experian Countrywide's reporting of the home equity account as charged-off as of June 2004.

26. Upon information and belief, Experian communicated Plaintiff's dispute to Countrywide, and Countrywide verified as accurate the "charged-off" status it was reporting to Experian.

27. In February 2007, Plaintiff applied to refinance her current home mortgage through Indymac Bank.

28. The credit report Indymac Bank obtained on Plaintiff showed that Countrywide was reporting the home equity account to all three national credit reporting agencies as an open account with the status of a charge-off.

29. The broker at Indymac informed Plaintiff that she would only qualify for sub-prime financing with the Countrywide account showing as a charge-off.

30. Plaintiff telephoned Countrywide on June 7, 2007 to dispute its reporting of the home equity account as a current charged-off account. During that telephone conversation, Countrywide told Plaintiff that it would not correct its reporting of the account because it did

|    |     |                                                                                  |
|----|-----|----------------------------------------------------------------------------------|
| 1  |     | not recover enough on the sale of the home to fully pay                          |
| 2  |     | off this account, and that therefore it was required to                          |
| 3  |     | report it as a bad debt and a write-off.                                         |
| 4  | 31. | On that same date, Countrywide sent Plaintiff a letter                           |
| 5  |     | confirming that it would not change the reporting of the                         |
| 6  |     | home equity account to the credit bureaus.                                       |
| 7  | 32. | With Countrywide continuing to report the home equity                            |
| 8  |     | account as a charged-off account to the credit reporting                         |
| 9  |     | agencies, Plaintiff cannot refinance her home at the                             |
| 10 |     | currently more favorable interest rates.                                         |
| 11 | 33. | Upon information and belief, Experian had nothing in its                         |
| 12 |     | records which would reflect that Plaintiff had filed a                           |
| 13 |     | bankruptcy in June 2004.                                                         |
| 14 | 34. | Upon information and belief, Experian had information in                         |
| 15 |     | its records that Plaintiff had filed Chapter 7                                   |
| 16 |     | Bankruptcy in August 2003, and that the Countrywide                              |
| 17 |     | account was included and discharged in the bankruptcy.                           |
| 18 | 35. | Experian failed to conduct a reasonable investigation of                         |
| 19 |     | Plaintiff's disputes.                                                            |
| 20 | 36. | As a direct result and proximate cause of Experian's                             |
| 21 |     | continued reporting of erroneous and adverse information                         |
| 22 |     | on Plaintiff's credit reports, Plaintiff has suffered                            |
| 23 |     | and continues to suffer damages including, but not                               |
| 24 |     | limited to, humiliation, embarrassment, anxiety, credit                          |
| 25 |     | denial, higher interest rates, and loss of opportunity.                          |

37. Countrywide failed to conduct a reasonable investigation of Plaintiff's disputes.
38. As a direct result and proximate cause of Countrywide's continued reporting of erroneous and adverse information to the credit bureaus concerning Plaintiff, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher interest rates, and loss of opportunity.

### V.  Causes of Action

#### a.  Fair Credit Reporting Act

39. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
40. Experian failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.
41. Experian failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA.
42. Experian has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was

1  inaccurate.
2  43. Experian has willfully, or alternatively, negligently,
3  violated FCRA §§ 1681e(b) and 1681i on multiple
4  occasions.
5  44. As a result of Experian's actions, Plaintiff has been
6  damaged.
7  45. Countrywide failed to conduct a reasonable investigation
8  of Plaintiff's disputes, and otherwise failed to comport
9  with FCRA § 1681s-2(b).
10 46. Countrywide has willfully, or alternatively,
11 negligently, violated FCRA § 1681s-2(b) on multiple
12 occasions.
13 47. As a result of Countrywide's actions, Plaintiff has
14 been damaged.
15 48. Pursuant to 15 U.S.C. § 1681n, any person who willfully
16 fails to comply with any requirement imposed under the
17 FCRA with respect to any consumer is liable to that
18 consumer in an amount equal to the sum of (1) any actual
19 damages sustained by the consumer as a result of the
20 failure or damages or not less than $100.00 and not more
21 than $1,000.00; (2) such amount of punitive damages as
22 the court may allow; and (3) in the case of any
23 successful action to enforce any liability under 15
24 U.S.C. § 1681n, the costs of the action together with
25 reasonable attorneys' fees.
   49. As a result of Defendants' willful failure to comply

- 8 -

with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

50. Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

51. As a result of Defendants' negligent failure to comply with the FCRA, Defendants' liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

## VI. Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

**VII.   Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)   Actual damages in an amount to be shown at trial;

b)   Statutory damages pursuant to FCRA § 1681n;

c)   Punitive damages pursuant to FCRA § 1681n;

d)   Costs and reasonable attorney's fees; and

e)   Such other relief as may be just and proper.

DATED   July 18, 2007  .


    s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85295-1103
Office:  (480) 756-8822
Fax:  (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff